Diane M. **FARIS**, Plaintiff-Appellant,

v.

**HENRY VOGT MACHINE COMPANY;** United Steelworkers of America, Local No. 1693; Robert C. Fairfax and William Hickerson, Defendants-Appellees.

No. 86–5279.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1987.

Decided March 13, 1987.

F. Larkin Fore (argued), Fore and Schwartz, Louisville, Ky., for plaintiff-appellant.

James U. Smith, III (argued), Herbert L. Segal, John Fritu Stewart (argued), Segal, Segal, Isenberg Sales, Stewart & Cutler, Louisville, Ky., Richard J. Brean, Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for defendants-appellees.

Before KRUPANSKY, Circuit Judge, CELEBREZZE, Senior Circuit Judge, and WEBER, District Judge.[*]

---

[*] Hon. Herman J. Weber, District Judge, United States District Court for the Southern District of Ohio, sitting by designation.

PER CURIAM.

The plaintiff Diane M. Faris appealed the district court's orders granting summary judgment in favor of the defendants, her former employer and union, in this action for sexual harassment, unlawful retaliation, unequal pay, and unfair representation pursuant to Title VII, the Equal Pay Act, and the Labor Management Relations Act.

The record disclosed that the plaintiff was employed as a spectrograph operator with defendant Henry Vogt Machine Co. commencing in March of 1980. She subsequently initiated the instant suit alleging that she had been the subject of harassment from and involved in personal disputes with certain co-workers, that the union had declined to file a grievance on her behalf as a result of various confrontations with other union members, that the company in collusion with the union had retaliated against her for filing a lawsuit by refusing to recall her from layoff when work was assertedly available, and that she had not been paid commensurately for work which was substantially equal to that performed by other employees. The district court in two opinions granted summary judgment in favor of the defendants. The district court concluded that the plaintiff had neither presented a prima facie case of sexual harassment nor established that the company knew or should have known of the alleged harassment by co-workers and that the company had failed to effect prompt, remedial action as a result of the plaintiff's complaints, and that in fact the evidence disclosed that the employer had implemented measures to remedy any possible confrontations between the plaintiff and her co-workers. The district court resolved the plaintiff's remaining claims against the defendant employer with reference to the company's obligations pursuant to the controlling provisions of the collective bargaining agreement and further concluded that the evidence did not establish that the relevant decisions of the union not to grieve certain of her charges were arbitrary, discriminatory, or taken in bad faith.

Having reviewed the record on appeal in its entirety and having considered the briefs and arguments of the parties, this court discerns no error in the district court's disposition of the plaintiff's claims. This court observes that the district court's resolution of the plaintiff's primary charge of sexual harassment substantially comported with this circuit's recent, intervening decisions addressing the issue of hostile work environment sexual harassment in *Rabidue v. Osceola Refining Co.*, 805 F.2d 611 (6th Cir.1986), and *Highlander v. K.F.C. National Management Co.*, 805 F.2d 644 (6th Cir.1986). Accordingly, for the reasons articulated in the entered opinions of the district judge, the judgment of the district court is AFFIRMED.